## TURNER *v.* STATE.

Opinion delivered January 26, 1931.

*E. W. Brockman,* for appellant.

*Hal L. Norwood,* Attorney General, and *Pat Mehaffy,* Assistant, for appellee.

HUMPHREYS, J. Appellant was indicted in the circuit court of Lincoln County on May 22, 1930, for selling intoxicating liquors, and was tried and convicted of the crime on September 15 following, and was adjudged to serve a term of one year in the State Penitentiary as a punishment therefor, from which judgment of conviction he has duly prosecuted an appeal to this court.

The first assignment of error relied upon for a reversal of the judgment was the refusal of the court to postpone the trial until the next morning, the 18th of September, for time to procure the attendance of a witness by the name of Gergis Gassaway who would have testified, if present, that no arrangements were made in his presence by W. J. Shipp to buy intoxicating liquors from appellant, and that he bought none from him in his presence and hearing. The request for a postponement of the trial was made after both sides announced ready

for trial, and after four members of the petit jury had been selected to try the case, at which time appellant first learned that Shipp would testify that arrangements for the purchase of the whiskey were made in the presence of Gergis Gassaway. W. J. Shipp was the chief prosecuting witness whose name was indorsed on the indictment and who testified in the trial of the cause that he made arrangements to buy two pints of intoxicating liquor from appellant in the presence of Gergis Gassaway and that he believed Gassaway was present when appellant returned with the whiskey and received pay for same.

The trial court did not abuse its discretion in refusing to grant a postponement of the trial, as appellant failed to show diligence in the procurement of his witness before the trial began. Shipp's name was indorsed upon the indictment and by interviewing him appellant could have obtained information relative to the circumstances of the alleged sale long before the trial began. He was not tried for about three months after he was indicted. Had he exercised proper diligence, he could easily have procured the attendance of his witness, Gergis Gassaway, without having to ask a postponement of the trial to do so. Appellant lost the benefit of the testimony of Gergis Gassaway through his own neglect, and not on account of an abuse of discretion by the trial court.

The next assignment of error relied upon for a reversal of the judgment is because the court instructed the jury as follows relative to the possession of liquor at different times, to-wit:

"The defendant is charged with selling liquor. The admission of the testimony of his having possession of liquor at different times was to enable you to determine, as one of the circumstances in the case, whether or not he was guilty of selling the liquor as charged in the indictment, and you may consider it for that purpose and that purpose alone."

Appellant admitted on cross-examination that he had been convicted three times in Lincoln County for unlawfully possessing liquor, but explained that he bought the liquor for private use and not to sell, and that he pleaded guilty because he was frightened and followed the advice of officers who told him it was best to do so. He admitted though that the officers made no threats in order to induce him to plead guilty to possessing liquor for sale.

J. M. Harvey, a justice of the peace, testified that at the time appellant was arrested for selling liquor to Shipp he pleaded guilty in his court to a charge of possessing liquor for sale.

Appellant argues that the above instruction given by the court assumed that he had liquor in his possession on different occasions for sale, and that the effect of the instruction was to exclude his explanation from consideration by the jury, and that it really was an instruction upon the weight of the evidence. The instruction is not susceptible of the construction placed upon it by appellant. Its meaning, properly construed, is that the jury might consider the testimony which had been introduced relative to the possession of liquor at different times as a circumstance in arriving at appellant's guilt or innocence. The instruction did not tell the jury that the possession of liquor at different times tended to show that appellant was guilty of selling liquor, but that they might consider possession thereof at different times as a circumstance in arriving at his guilt or innocence. Nor did it tell the jury to ignore appellant's explanation of the possession thereof at different times. The possession and explanation thereof was submitted to the jury merely as one circumstance in the case to be weighed along with all the other evidence by them in arriving at appellant's guilt or innocence. The instruction is in no sense an expression by the court upon the weight of the evidence. The jury was not told what weight to attach to the circumstance of the possession of liquor at different times.

The next assignment of error relied upon for a reversal of the judgment is that the instruction referred to was given orally by the court. Appellant did not ask the court to reduce the instruction to writing, and did not specifically object to it on the ground that it was oral instead of in writing. Only a general objection was interposed to the instruction, presumably upon the ground that it was an erroneous statement of the law applicable to the facts.

No error appearing, the judgment is affirmed.